1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6   ROBBIE GRANT,                          3:14-cv-00620-MMD-WGC

7                           Plaintiff,     **REPORT & RECOMMENDATION OF**
                                           **U.S. MAGISTRATE JUDGE**
8         v.

9   WESTCARE, INC.,

10                          Defendant.

11        This Report and Recommendation is made to the Honorable Miranda M. Du, United

12  States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

13  28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

14        Plaintiff filed his application to proceed in forma pauperis (Doc. # 1)[1] and pro se

15  complaint (Doc. # 1-1) against defendant Westcare, Inc. on December 2, 2014. [2]

16        On February 6, 2015, the court granted his application to proceed in forma pauperis, but

17  dismissed his complaint with leave to amend. (Doc. # 16.) Plaintiff's complaint was difficult to

18  decipher, but it mentioned defamatory statements made in the context of the discharge of his

19  employment, and included vague references to at-will employee rights, and a request to remain

20  in his residence as his housing arrangement was part of his employment package. (Doc. # 1-1.)

21  In its screening order, the court noted that it did not appear it had jurisdiction over the action as

22  alleged. (Doc. # 16 at 4.) In addition, Plaintiff's pleading did not include allegations amounting to

23  a cognizable claim. (*Id.* at 5.) He did not include allegations that Westcare was acting under

24  color of state law, or that he was deprived of any federal constitutional or statutory right, so as to

25

26    ────────────

27    [1] Refers to court's docket number.

28    [2] WestCare Nevada, Inc. (erroneously named as Westcare, Inc.) filed a motion to dismiss (Doc. # 4) even
     though the complaint had not been screened and formally filed. The motion to dismiss was ultimately denied as
     moot in light of the court's screening order dismissing the complaint with leave to amend. (*See* Doc. # 16.)

give rise to a claim under 42 U.S.C. § 1983. Moreover, his complaint only referenced Nevada's defamation law. (*Id.*) For these reasons the complaint was filed (Doc. # 17), but dismissed.

The dismissal of the complaint was with leave to amend because Plaintiff referenced his termination and it was *possible* that he could assert a claim arising under federal employment law. Plaintiff was given thirty days to file an amended complaint. (*Id.* at 5-6.) He was cautioned that a failure to file the amended complaint within the thirty days might result in dismissal of his action. (*Id.* at 6.)

On February 27, 2015, Plaintiff filed a document titled "Rescind and close request of Original Petition dated 12/2/14." (Doc. # 19.) In that document, he stated: "This Request for withdrawal of the original Petition and all documented Instruments filed in this Court is hereby formally Rescinded without influence." (*Id.*)

It appeared as though Plaintiff sought a voluntary dismissal of this action by virtue of his February 27, 2015 filing, but the court set the matter for a hearing on March 4, 2015, to confirm this was the case. (*See* Doc. # 20, Mar. 4, 2015 Minutes.)

Plaintiff did not file an amended complaint within the thirty-day deadline, nor did he appear for the March 4, 2015 hearing. Counsel for WestCare Nevada, Inc. did appear at the hearing and advised the court that Plaintiff had filed an action in the Second Judicial District Court in and for the County of Washoe, State of Nevada (Case No. CV14-02492) that involves similar allegations as those asserted here.

In light of Plaintiff's failure to file an amended complaint within the thirty days proscribed in the screening order, and failure to appear at the March 18, 2015 hearing, the court recommends that this action be **DISMISSED WITHOUT PREJUDICE** and that the case be administratively closed.

///

///

///

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: March 18, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE